UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HANNIBAL DWAN EASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 cv 2553 |
| | ) | |
| ILLINOIS GOVERNOR JB PRITZKER; | ) | Judge Steven C. Seeger |
| ROB JEFFREYS, ACTING | ) | |
| DIRECTOR OF THE ILLINOIS | ) | |
| DEPARTMENT OF CORRECTIONS; | ) | |
| FORMER ACTING DIRECTOR OF THE | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS | ) | |
| JOHN R. BALDWIN; I.D.O.C. A.D.A | ) | |
| COMPLIANCE OFFICER ALLEN PASLEY; | ) | |
| WALTER NICHOLSON; DON MILLS, JR.; | ) | |
| DR. PAGE and STATEVILLE | ) | |
| CORRECTIONAL CENTER JOHN DOE'S | ) | |
| AND JANE DOE'S, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN RESPONSE TO RULE TO SHOW CAUSE WHY THIS COURT
SHOULD NOT IMPOSE SANCTIONS FOR FILING A FRIVOLOUS MOTION**

NOW COMES Plaintiff, HANNIBAL DWAN EASON, by and through his appointed attorney, Joseph B . Carini, III of Johnson & Bell, Ltd., and in response to this Court's Docket Order 125 requiring Plaintiff's counsel show cause why this Court should not impose sanctions for filing a frivolous motion (Dkt. 122), states as follows:

The ADA provides that "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). "In the prison context, a plaintiff can make out a prima facie case of discrimination under both the ADA and Rehabilitation Act by showing: (1) he is a qualified person; (2) with a disability; (3) the

Department of Corrections denied him access to a program or activity because of his disability or otherwise subjected him to discrimination; and (4) the denial or discrimination was by reason of his disability." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).

Plaintiff is a qualified person entitled to the protections of the ADA. *Holmes v Godinez*, 311 F.R.D. 177 (N.D. Ill. 2015). Accordingly, Plaintiff is entitled to be free from discrimination as a result of his disability. *Id*. Prior to filing the subject motion Plaintiff's counsel had numerous video conference phone calls with his client to discuss the allegations of the pleading at issue. Plaintiff communicates via American Sign Language. Because Plaintiff's counsel is not versed in American Sign Language, the video phone allows Plaintiff to call counsel by signing his communications via video to an ASL interpreter who translates Plaintiff's conversation to Plaintiff's counsel in English and translates Plaintiff's counsel's comments to Plaintiff in ASL. Similarly, because of Plaintiff's hearing disability, Plaintiff requests and requires an ASL interpreter at disciplinary and grievance hearings.

Accordingly, for Plaintiff to effectively communicate with counsel or anyone else via the videophone, it takes longer than normal communication time and requires a good internet connection and a videophone screen that does not freeze or drop calls. Menard has one such phone located in one building and allows Plaintiff limited time slots to use it when it is functioning properly. Plaintiff's counsel has had numerous phone calls with Plaintiff interrupted and/or not take place at all as a result of the inability of the videophone at Menard to function properly. According to Mr. Eason non-hearing impaired prisoners can use telephones pretty much whenever they want during daytime hours at phones readily available and accessible to them.

Further, prior to filing the motion Plaintiff's counsel had received multiple correspondence from his client therein expressing increasing concern for his safety, increasing frustration with his hearing aids and the impact that it has on his day-to-day living, and increasing frustration at his inability to have access to a phone for legal and non-legal communications consistent with the type of access non-disabled prisoners have. In this correspondence, Plaintiff Eason expresses increased complaints that he is feeling as though he is "suffocating," that there is "a knee on his neck," and he had even gone on a hunger strike in an effort to bring attention to the fact that his ADA rights and needs are not being accommodated.

Plaintiff Eason has filed multiple grievances over his perceived lack of safety, his mistreatment and his lack of ADA accommodations. Plaintiff Eason has taken appeals of grievances but cannot prove whether his mail is being delivered to ARB. Nor is there a set timeframe in which an ARB appeal may be received; yet while Plaintiff Eason waits, his complaints remained unresolved and continued and intensified.

Further, prior to filing the subject motion Plaintiff's counsel sought direction from sources available to assist appointed counsel in handling prisoner's rights cases. Finally, Plaintiff's counsel also took into consideration Plaintiff Eason's status as a class representative in a class action lawsuit filed on behalf of deaf and hard of hearing inmates against the IDOC, which case was found meritorious and resulted in a settlement agreement with the IDOC, believing that Plaintiff in the instant case would similarly ultimately succeed on the merits in the instant case as well. *See Holmes v. Godinez*, 311 F.D.R 177 (N.D. Ill. 2015); *Holmes v. Baldwin*, 11 C 2961.

Plaintiff's counsel filed the subject motion believing that Plaintiff Eason has suffered and will continue to suffer irreparable harm due to the lack of accommodation of his disabilities. Further, Plaintiff's counsel believed the impact of the lack of ADA accommodation might or could have had on Plaintiff's mental and physical health supported the argument that Plaintiff Eason did not have an adequate remedy at law to alleviate his immediate situation and concerns, but believed that a transfer could.

Plaintiff's counsel relied upon *Farnum v. Walker*, 593 F. Supp. 2d 1000 (C.D. Ill. 2009), as an example of an instance in which a concern for one's physical health resulted in a granting of a preliminary injunction for an inmate suffering from cystic fibrosis. *Burns v. Elrod*, 509 F.2d 1133 (7th Cir. 1975), was cited for the proposition that a violation of constitutional rights can also provide a sufficient basis for the entry of a preliminary injunction, where the plaintiff's first amendment rights were purportedly being infringed when a number of individual plaintiffs were allegedly fired as a result of their political party affiliation. Plaintiff's counsel believed that here, Plaintiff's ADA protections and constitutional rights were being infringed, if not denied him, and absent relief, Plaintiff did not have adequate legal remedy to address his needs.

Plaintiff's counsel did not take the filing of this motion lightly. Plaintiff's counsel did not believe that the motion was such that the claims had absolutely no chance of success. "Sanctions should only be imposed if it is patently clear that a claim has absolutely no chance of success . . . and all doubt should be resolved in favor of the signing attorney." *K.M.B. Warehouse Distributors, Inc. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2nd Cir. 1995) (internal quotations omitted). A District Court's decision not to impose sanctions will not be reversed where plaintiff's arguments were not completely lacking in merit. *Id.*; *see also*, *Bilharz v. First Interstate Bank*, 98 F.3d 985, 989 (7th Cir. 1996) (finding that although plaintiff's argument

supporting her claims were undoubtedly weak, and district court granted summary judgment against her, her claims were not so devoid of factual support that sanctions were appropriate); *Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 670 (2nd Cir. 1989) (finding that sanctions should not have been imposed where plaintiff alleged unusual set of facts in relatively rare case in which there was no clearly applicable precedent, since it cannot be said that Rule 11 is violated unless it patently clear that claim has absolutely no chance of success.).

Rather, Plaintiff's counsel believed Plaintiff had a reasonable chance of success on his motion, that Plaintiff would suffer irreparable harm if his complaints were not addressed, that he did not have an adequate remedy at law, but that he did have a likelihood of success on the merits. Accordingly, Plaintiff's counsel felt it appropriate to attempt to attain the relief sought for his client.

        Respectfully submitted,

        **/s/ Joseph B. Carini, III**
        Joseph B. Carini, III (Bar Number: 6198227)
        Attorney for Plaintiff
            Hannibal Dwan Eason
        Johnson & Bell, Ltd.
        33 W. Monroe Street, #2700
        Chicago, IL 60603
        Telephone: 312/372-0770
        Fax: 312/372-9818
        E-mail: carinij@jbltd.com

## CERTIFICATE OF SERVICE

      I do hereby certify that on August 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      **s/ Joseph B. Carini, III**
Joseph B. Carini, III (Bar Number: 6198227)
Attorney for Plaintiff
Hannibal Dwan Eason
Johnson & Bell, Ltd.
33 W. Monroe Street
Suite 2700
Chicago, IL 60603
Telephone: 312/372-0770
Fax: 312/372-9818
E-mail: carinij@jbltd.com